OPINION
Defendant Gerald E. Mallady appeals a judgment of the Municipal Court of Canton, Stark County, Ohio, convicting and sentencing him for operating a motor vehicle without an operator's license in violation of Canton City Ordinance No. 335.01, after a jury found him guilty. Appellant was originally charged with failure to report an accident, no operator's license, and failure to control a motor vehicle. Prior to trial the city amended the failure to report an accident to leaving the scene of an accident. The jury acquitted appellant of the charge of leaving the scene, but the court found appellant guilty of failure to control. Appellant assigns a single error to the trial court:
 ASSIGNMENT OF ERROR THE JURY VERDICT FINDING APPELLANT GUILTY OF NO OPERATORS LICENSE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.
At trial, the City alleged while appellant was attempting to park a van on Dartmouth Avenue in the City of Canton, he collided with the front end of a Cherokee parked behind him. The City presented the testimony of Raymond R. Darlington, who testified he was approximately 30 feet from the vehicles, and observed appellant exit the van and go into the residence at 1125 Dartmouth. The State then called Janice Williams, who testified her mother was the owner of the van. Williams had taken the van to 1125 Dartmouth, but appellant apparently borrowed the van while she was in the restroom. Williams testified when she came out of the restroom, the appellant told her he had taken the van to get beer and cigarettes, and had "just clipped a car with the van" (Tr. of proceedings, at 99.) Appellant stipulated he did not have a valid driver's license. Defense called Delores Philblat, who testified she observed the van sideswipe the jeep at the side of the road, then park. Philblat testified she saw a woman, known to her as Janice, get out of the van after the accident. Appellant urges the jury's verdict was against the manifest weight of the evidence. In reviewing a claim the jury's verdict was against the manifest weight of the evidence, this court must examine the entire record, weigh the evidence and all reasonable inferences, and consider the credibility of the witnesses to determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created a manifest miscarriage of justice, State v. Thompkins (1997), 78 Ohio St.3d 380. This court should grant a new trial only in an exceptional case in which the evidence weighs heavily against the conviction, State v. Martin (1983), 20 Ohio App.3d 172,175. If the jury's verdict is supported by sufficient competent and credible evidence going to each essential element of the crime charged, this court may not reverse, see State v. DeHass (1967), 10 Ohio St.2d 230. We have reviewed the record, and we find although the facts were hotly disputed, there was sufficient competent and credible evidence presented by the City on each essential element of the crime charged to convince a reasonable jury appellant was guilty beyond a reasonable doubt. We conclude appellant's conviction for no operator's license was not against the manifest weight of the evidence. The assignment of error is overruled.
For the foregoing reasons, the judgment of the Municipal Court of Canton, Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
FARMER, J. and WISE, J. CONCUR.